UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

NATIONAL AUDIT DEFENSE NETWORK, et al.,

    Defendants.

2:02-cv-0131-LDG-PAL

**ORDER**

    Defendant Alan Rodrigues has filed a motion to stay enforcement of civil judgment and for briefing schedule pertaining to related matters (#141, response #142, reply #144). The motion generally goes after relief on two grounds. First, pursuant to Fed. R. Civ. P. 60, Rodrigues seeks relief from previous orders or judgment of the court for Rule 60(b)(1) "excusable neglect" or Rule 60(b)(6) "any other reason justifying relief." Second, Rodrigues seeks to have enforcement of the money judgment against him stayed until resolution of his criminal case. Rodrigues' motion will be denied.

    Rule 60( c) requires that relief sought from a judgment or order for excusable neglect be made within a reasonable time, but not more than a year. Rodrigues argues that he filed his Rule 60(b) motion within a year of this court's entry of final judgment and order for permanent injunction and other equitable relief against him, Weston Coolidge and Oryan Management, Inc., on June 7, 2010. However, judgment was granted by the court on plaintiff's motion for summary

judgment on July 27, 2009, some twenty months before Rodrigues' Rule 60(b) motion.[1]  The summary judgment order and judgment resolved all issues of liability presented on summary judgment, and they are those issues which Rodrigues seeks to reopen by his Rule 60(b) motion.

In any event, even if the one-year time period for requesting Rule 60(b)(1) relief were to have run from July 27, 2009, the court would still find that the delay for seeking the relief was unreasonable for purposes of relief under both Rule 60(b)(1) and (b) (6).  While Rodrigues asserts that he did not receive a copy of the July 27, 2009, judgment order, he does not claim that he did not receive the July 24, 2009, order granting plaintiff's motion for summary judgment.  Morever, on August 6, 2009, the Commission filed its notice of lodging of proposed final judgment and order for permanent injunction and other equitable relief against Coolidge, Oryan and Rodrigues which referenced the order granting summary judgment.  Clearly, Rodrigues knew that summary judgment had been granted against him over nineteen months before he did anything.  Rodrigues also asserts that he did not receive a copy of the June 7, 2010, order, which references the July 24, 2009, summary judgment.  However, the Commission has supplied evidence, which Rodrigues did not contest in his reply brief, that the June 7, 2010, order was received at Rodrigues' residence on June 14, 2010.  Morever, as the Commission points out, Rodrigues must have discussed the June 7, 2010, order with his criminal defense attorney before August 11, 2010, when that attorney contacted the Commission regarding the possibility of entering an appearance in this case to seek reconsideration of the injunction.  Even given the considerable stress that Rodrigues claims he was under, as would be any criminal defendant facing similar charges, Rodrigues' delay in acting on a summary judgment order against him twenty months before filing for relief is unreasonable.

---

[1] Because no judgment had been issued based on the 2005 grants of summary judgment against Coolidge and Oryan before the June 7, 2010, judgment and order, it was not duplicative to label that document as a final judgment.

2

1    Assuming for argument sake, that Rodrigues' delay in seeking relief was not unreasonable,
2 he would still have to establish that his relief was warranted on the basis of excusable neglect.
3 This Rodrigues has not shown.  Although Rule 60(b)(1) can cover negligence on the part of
4 counsel, see Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223 (9th Cir. 2000), "[a]s a general
5 rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not
6 usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)."  Casey v. Albertson's
7 Inc., 362 F.3d 1254, 1260 (9th Cir. 2004).  However, the general rules must also give way to an
8 equitable determination that involves consideration of the four factors enunciated in Pioneer
9 Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 394 (1993): the
10 danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the
11 reason for the delay, including whether it was within the reasonable control of the movant, and
12 whether the movant acted in good faith.

13    Here, Rodrigues' assertions raise the guise of attorney malpractice, but fall short of
14 providing the equitable basis for relief under the Pioneer factors.  As the court has determined,
15 Rodrigues' delay in bringing this motion is not reasonable.  Furthermore, although Rodrigues
16 freely blames his counsel for not reinstating his previously-filed motion for summary judgment, he
17 provides no information regarding why counsel allegedly failed to so act.

18    Rodrigues' lack of specificity does not end there, however.  Though Rodrigues asserts that
19 the failure to reinstate his own motion for summary judgment was "fatal" to his defense, he does
20 not offer why, in particular, his reinstated motion for summary judgment would have made any
21 difference.  Indeed, the Commission comprehensively addressed the issues regarding Rodrigues'
22 liability in its original motion for summary judgment, which was reinstated by the court on
23 September 9, 2008 (#119).  As the court's reinstatement order indicates, Rodrigues' previous brief
24 in opposition to the original motion for summary judgment (#100) was before the court on the
25 Commission's reinstated motion.  That twenty-page brief with attached exhibits filed by
26

Rodrigues' first set of attorneys thoroughly argued that the Commission was not entitled to summary judgment against Rodrigues based on the theories that he was not a creditor as defined by the Truth In Lending Act; that he could not be held liable for the alleged deceptive practices of the National Audit Defense Network; that he had no constructive or actual control over the National Audit Defense Network; that there was a lack of proof that National Audit Defense Network engaged in deceptive trade practices; and that the Commission's proof regarding untimely and unpaid refunds was unreliable; among other arguments. The court ultimately rejected those arguments; yet, Rodrigues does not assert here that his opposition to the Commission's motion for summary judgment filed by different lawyers than the one he now criticizes was in any way deficient, contained omissions or constituted less than a fully factual and authoritative treatment of Rodrigues' case. Rodrigues' lack of analysis of the extent to which the court's rejection of his opposition arguments in the grant of the Commission's motion for summary judgment is determinative of the issues which he now seeks to revisit compels the rejection of Rule 60 relief.

Finally, prejudice will accrue to the Commission in litigating Rodrigues' motion. This is a ten-year-old case, which has already involved significant delays in redress of injury to consumers. The relief sought by Rodrigues would also mean significant added expenditures of time and funding from the limited resources of the Commission and the court. For the reasons addressed in this order, and the additional points made by the Commission, Rodrigues is not entitled to relief under Rules 60(b)(1) or 60( c).

Rodrigues also seeks, pending termination of the criminal case against him, a stay of the enforcement pending the termination of the monetary judgment against him entered on July 27, 2009, and restated in the final judgment and permanent injunction issued on June 7, 2010, along with other obligations contained in the permanent injunction. The parties concede that the civil and criminal actions were brought under different legal theories, but disagree as to the underlying

factual parallels.  Nonetheless, there is no reason to curtail enforcement of the civil monetary judgment during Rodrigues' ongoing criminal proceedings.  And, any obligations imposed by the permanent injunction do not curtail Rodrigues' assertion of his Fifth Amendment rights.  While the court may at some point be called on to determine the legitimacy of Rodrigues' specific invocation of rights in relationship to his disclosure obligations under the permanent injunction, that point has apparently not been reached.  In any event, it would seem that the judge in Rodrigues' criminal case would ultimately determine whether any disclosures made in this case would be admissible in the criminal case.  Accordingly, based on the arguments presented by the Commission, the court will deny Rodrigues' motion for stay of enforcement of the Commission's civil remedies and relief.

THE COURT HEREBY ORDERS that defendant Rodrigues' motion for briefing schedule to permit argument on relief from final judgment and for immediate stay of proceedings to enforce judgment pending this court's resolution of the issues presented (#141) is DENIED.

THE COURT FURTHER ORDERS that defendant Rodrigues' motion to extend time to reply to plaintiff's opposition (#143) is DENIED as moot.

DATED this ___ day of March, 2012.

_____
Lloyd D. George
United States District Judge

5